# WHEELING.

KYLE VS. JENKINS, ET ALS.

THOMAS KYLE, PLAINTIFF IN THE ACTION, AND DE-
FENDANT IN ERROR *against* THOMAS J. JENKINS,
WILLIAM A. JENKINS, PETER C. BUFFINGTON,
GEORGE W. HOLDERBY AND OTHERS, DEFENDANTS
IN THE ACTION, AND PLAINTIFFS IN ERROR.

Decided July 12th, 1873.

## SYLLABUS.

1. In a suit at law, in which an attachment was sued out and levied on
property of the defendants, and judgment obtained therein against
the defendants, on publication, a part of the defendants appeared
in the court in which the judgment was rendered within five years
from the rendition of the judgment, and tendered to the court their
petition praying for a re-hearing of the proceedings in the action,
without accompanying the petition with the affidavit prescribed
and required in such case by the act of the Legislature, passed on
the 11th day of March 1865, entitled "An act to amend and re-
enact secs. 23, 27 and 28 of Chap. 151, and sec. 13 of Chap. 170 of

the Code of Virginia," which affidavit so prescribed is commonly known and called "the suitors test oath." The court refused to receive, and allow the petition to be filed. HELD,

That it was error in the Circuit Court to refuse to allow said petition to be filed, on the ground that it was not accompanied by such affidavit or test oath.

2. So much of the said act of the Legislature as prescribes such affidavit or test oath is contrary to the Constitution of the United States, and was therefore null and void from its passage. The petition for re-hearing in this case is sufficient, and should now be received by the Court below.

The case is stated in the opinion of the Court.

*Boggess* for Plaintiff in error.

*Ferguson* for Defendant in error.

HAYMOND President.

This is an action of trespass on the case, brought in the Circuit Court of Cabell county by the Appellee, Kyle, against the Appellants and a number of other persons. The cause of action is alleged in the declaration to be for assault and battery, false imprisonment &c. An attachment was sued out in the action, and levied upon a large amount of lands. The cause was prosecuted to verdict and judgment against the Appellants and others on publication, and the lands on which the attachment was levied were ordered by the Court to be sold to satisfy the judgment. The judgment purports to have been ren on the 22nd day of November 1864, and the order directing sale of the land to be made to satisfy the judgment was made on the same day. The amount of the judgment exclusive of costs is $30.000.00, On the 20th day of June 1866, the Appellants and others appeared in open Court and by their attorney tendered to the Court, and asked leave to file a petition to have the proceedings in said action reheard, and the appellee then and there appeared in court by his attorney, and waived notice of said motion, and objected to the filing of the petition upon these grounds to wit: First, The petition does not

state the facts required by law: Second, The petition is not sworn to: Third, The petition is not accompained by the proper affidavit required by law. The motion to file the petition was argued by counsel, and the Court took time to consider thereof, and the cause was continued. Afterwards, and on the 7th day of January 1870, the Court sustained the objection so made to the filing of the petition, and refused to permit the same to be filed. To which opinion of the Court, the Appellants and their Co-pititioners excepted, and their bill of exceptions was signed and made a part of the record. The petition is copied into the bill of exceptions. From the judgment of the Circuit Court, refusing to permit the Appellants and their Co-petitioners to file their said petition praying for a re-hearing of the proceedings in said action, the Appellants appealed to this Court. The act of the Legislature prescribing and requiring the affidavits to be filed with a petition of a defendant praying a re-hearing in a cause, in which judgment or decree has or may be rendered against him, in an action or suit in which an attachment has been or may be sued out and levied upon his property, real and personal &c, was first passed on the 11th day of February 1865, and is entitled "An act to amend, and re-enact secs. 23, 27 and 28 of Chap. 151, and sec. 13 of Chap, 170 of the Code of Virginia." So much of said act embraced in the first section thereof as amends the 27th sec. of the Code of Virginia, prescribes and requires affidavits, therein specified, to be taken by the petitioner and to be filed with his petition, among which is the affidavit commonly known and called "the suitors test oath." The same affidavits are prescribed and required in similar cases by the 27th sec. of Chap. 106 of the Code of this state, which took effect on the 1st day of April 1869. On the third day of March 1870, the Legislature of this state passed an act, entitled "An act amending the act, entitled 'an act establishing a Code of Laws for this state, in relation to proceedings for a re-hearing after judgment or decree.'" The first section of this

act, re-enacts sec. 26 of Chap. 106 of the Code of this State and is in these words viz "26. If a defendant, against whom, on publication, a judgment or decree has been or shall hereafter be rendered, in an action or suit in which an attachment has or may be sued out and levied as provided in this chapter, or his personal representative, shall return to or appear openly in this State, he may, within one year after a copy of such judgment or decree has been or shall be served upon him, at the instance of the plaintiff, or within five years from the date of such judgment or decree, if he be not so served, petition the circuit court of the county in which such judgment or decree was rendered, to have the action or suit and proceedings therein reheard. And if any such defendant, or his personal representative, has heretofore appeared as aforesaid, and filed or tendered his petition for such rehearing as aforesaid, in any such action or suit within the time prescribed by law, and such application or petition be pending and undetermined in the circuit court at the time of the passage of this act, a rehearing in such action shall and may be had as provided in section 30 of this chapter." This section as re-enacted is substantially the same as the section was in the Code of Virginia, with the exception of the last clause thereof. This section does not direct what averments or statements the petition shall contain, and it requires no affidavit of any kind. The undertaking for the appeal in this cause to this Court, was filed with the clerk of the Circuit Court aforesaid on the 22nd day of February 1870, and the requisite notice to the Appellee of the filing of the undertaking was issued on the same day, and served on the Appellee on the 7th day of March 1870. On the 1st day of March 1871, the Legislature passed an act entitled "An act amending and re-enacting section one of chapter one hundred and nine of the Acts of 1870," which is the act last above referred to. The The act of 1870 as amended by the act of 1871, is substantially the same as the first section of the act of 1870,

1873.
June Term.

Kyle
v.
Jenkins
et als.

except the last clause thereof which is as follows, viz: "And if any such defendant, or his personal representative, has heretofore appeared, as aforesaid, and filed or tendered his petition, for such re-hearing as aforesaid, in any such action or suit, within the time required by law, and such application or petition be pending and undetermined in the circuit court or Supreme Court of Appeals of this State, at the time of the passage of this Act, a re-hearing in such action or suit shall and may be had as provided in section thirty of this chapter." The appeal to this Court, in this cause, was taken long before the passage of this act, and was pending here, and undetermined at the time of the passage of the act, and from thence to the present. After full reflection and consideration, we are of opinion that so much of the said act, passed by the Legislature on the 11th day of February 1865, as prescribes and requires the affidavit to be taken and filed by the petitioner, or his personal representatives, with his petition, which is commonly known and called "the suitor's test oath," is contrary to, and in violation of the Constitution of the United States, and was therefore at and from its passage null and void. We entertain this opinion because of a full and firm conviction that so much of said act as prescribes said affidavit or test oath, comes fully within the principles adjudicated by the Supreme Court of the U. S. in the cases of Cummins *vs.* The State of Missouri, and *Ex parte* Garland, reported in 4th Wallace Reports. That our convictions in this respect are well founded, and right, is fully and clearly established by the brief opinion of the Supreme Court of the U. S. recently delivered in the case of Peerce and Williams against Carskadon, recently determined upon a writ of error to the decision of the Supreme Court of Appeals of this State made in 1870, and in which case the only question involved and to be decided by the Supreme Court of the U. S., was whether so much of the act as prescribed and required said test oath to be taken was contrary to and in violation of the Constitution of the U. S. In this last

case Judge Field who delivered the opinion of the Supreme Court of the U. S. reversing the decision of the. Supreme Court of Appeals of this State, says: "This. case is covered in every particular by the decisions. of this. Court in Cummins *vs.* The State of Missouri, and *Ex parte* Garland, reported in 4th Wallace."— We in the Peerce, Williams and Carskadon case at this term, in obedience to the mandate of the Supreme Court of the U. S., reversed the judgment of the Supreme Court of Appeals of this State rendered in 1870, and also reversed the judgment of the Court below in refusing to receive a similar petition for a rehearing in a similar case. We think the petition tenderd is sufficient.

For these reasons the judgment of the Circuit Court,. refusing to permit the said petition for a re-hearing of said action to be filed, must be reversed, and the Appellants recover against the Appellee, Thomas Kyle, their costs here expended.

And this Court proceeding to give such judgment as. the Court below ought to have given, the cause must be remanded to the Circuit Court of Cabell county, with directions to it, to allow and permit the said petition for a re-hearing of said cause to be filed, and to grant the re-hearing prayed for, unless legal and sufficient reason. other than any now appearing by the record, be shown why the prayer of the petition should not be granted and further to proceed in the same as justice requires and the law directs.

HAYMOND, President, and HOFFMAN and PAULL Judges, concur in the foregoing opinion.

Judge MOORE absent; he was counsel below.