# CHARLESTON.

## Ross *v.* Jenkins.

### February 25, 1874.

In a suit at law in which an attachment was sued out, and levied on property of the defendants and judgment obtained therein against the defendants on publication, a part of the defendants appeared in the court in which the judgment was rendered within five years from the rendition of the judgment, and tendered to the court their petition praying for a re-hearing of the proceedings in the action without accompanying the petition with the affidavit prescribed and required in such cases by the act of the Legislature passed the 11th day of February, 1865, entitled, "An act to amend and re-enact sections twenty-three, twenty-seven and twenty-eight, of chapter one hundred and fifty-one and section thirteen of chapter one hundred and seventy, of the Code of Virginia," and also by the twenty-seventh section, of chapter one hundred and six, of the Code of West Virginia, which affidavit so prescribed is commonly known and called "The Suitors Test Oath." The court refused to receive and allow the petition to be filed.—Held:

1. That it was error in the circuit court to refuse to allow said petition to be filed, on the ground that it was not accompanied by such affidavit, or test oath.

2. So much of the said act of the Legislature, and section twenty-seven, of chapter one hundred and six, of the Code of West Virginia, as prescribe such affidavit or test oath, are contrary to the Constitution of the United States and to the Constitution of the State of West Virginia, and were, therefore, null and void from their passage.

3. The petition in the case is sufficient and should now be received by the court below and ordered to be filed and further to proceed in the same, as justice requires and the law directs.

An appeal by Thomas J. Jenkins, William A. Jenkins, George W. Holderby, Warren P. Rece, Peter C. Buff-ington and William H. Buffington, from an order of the circuit court of Cabell county, refusing to permit the parties above named to file their petition and application for a re-hearing of a certain judgment rendered in certain proceedings at law against them and others, wherein Robert Ross was plaintiff. The petition was tendered on the 20th day of June 1866 and the objections to the filing of such petition were sustained on the 7th day of January 1870.

The only question involved in the cause was the constitutionality of certain acts of the Legislature, requiring parties, as a pre-requisite to the re-opening and re-hearing of judgments, in certain proceedings, to take and file a certain oath known as the "Suitor's Test Oath." The material facts 'sufficiently appear in the opinion of the Court.

The Hon. James W. Hoge, judge of the 11th circuit as organized under the act of July 17, 1868 presided at the trial below.

*Caleb Boggess* and *Lucian C. Ricketts* for appellants.

*James H. Ferguson* and *C. W. B. Allison,* for appellee.

HAYMOND, PRESIDENT:

This, like the case of *Thomas Kyle v. Thomas J. Jenkins,* decided by this Court at the June term 1873, 6 W. Va., 371, is an action of trespass on the case commenced in the circuit court of the county of Cabell by the appellee, (Ross), against the appellants, and several other persons., The cause of action set out in the declaration is assault and battery and injury and destruction of plaintiffs property &c. An attachment was sued out by the plaintiff in the action, and levied upon a large quantity of lands of the defendants to the action. The cause was prosecuted to verdict and judgment against the appel-

lants, and others, on publication, and the lands upon which the attachment was levied were ordered by the court, by reason of such levy, to be sold to satisfy the judgment. The judgment appears to have been rendered on the 21st day of November, 1864, for $30,000.00 damages the amount of the verdict of the jury, and costs of suit. And the order directing sale of the lands to be made to satisfy the judgment was made on the same day.

On the 20th day of June, 1866, the appellants and others appeared in court and, by their attorney, tendered to the court, and asked leave to file, a petition to have the proceedings in said action reheard, and the appellee then and there appeared in court to said petition, by his attorney, and waived notice of said motion, and objected to the filing of the petition on these grounds :

*First.* The petition does not state the facts required by law.

*Second.* The petition is not sworn to.

*Third.* Is not accompanied by the affidavit required by law.

Afterwards, on the 7th day of January, 1870, the circuit court, by its order and judgment then made and entered of record, sustained the objections, so made by the appellee, by his counsel, to the filing of said petition, for a rehearing of the proceedings in the cause, and refused to allow the petition to be filed, because of said objections. To this opinion and judgment of the circuit court, refusing to permit the petition to be filed the appellants and their co-petitioners excepted, and their bill of exceptions was signed and sealed in due form, and made a part of the record. The petition is copied in the bill of exceptions. From the judgment of the circuit court refusing to permit the appellants, and their co-petitioners to file their said petition praying for a rehearing of the proceedings in said cause, the appellants have appealed to this Court. The undertaking for the appeal in this cause, to this Court, was filed with the

clerk of the circuit court of said county of Cabell on the 22nd day of February, 1870. On the 3rd day of March, 1870, the notice of the appeal was served on the appellee, and on the same day the notice, so served, was filed with the clerk of said circuit court. From the date last aforesaid until the present the appeal has been pending in this Court. The petition, on its face, is sufficient, and for the reasons stated in the opinion of this Court in the said cause of *Kyle v. Jenkins,* the said circuit court of the county of Cabell erred in refusing to permit the said petition, for a re-hearing of the proceedings in said action, to be filed. We are further of the opinion that the affidavit mentioned, and referred to in said opinion, as being commonly known as the "suitor's test oath," and the acts of the Legislature, in said opinion mentioned and cited, requiring the same, in the cases specified, were contrary to the Constitution of this State of 1863, and null and void; and for the same reason they are determined to be contrary to the Constitution of the United States.

The opinion and judgment of the circuit court of the county of Cabell rendered on the said 21st day of November, 1864, refusing to permit the said petition for a re-hearing of the proceedings in said action to be filed, must be reversed, and the appellants recover against the appellee Robert Ross their costs here expended.

And this Court proceeding to give such judgment as the said circuit court should have given, the cause must be remanded to the circuit court of Cabell county, with directions to it, to allow and permit the said petition for a re-hearing of the proceedings in said cause to be filed, and to grant the re-hearing prayed for, unless legal and sufficient reason, other than any now appearing by the record, be shown, why the prayer of the said petition should not be granted; and further to proceed in the same as justice requires and the law directs.

1874.
January Term.

Ross
v.
Jenkins.

HOFFMAN and PAULL, Judges, concurred. MOORE, Judge, did not sit at the hearing and determination of this cause.

JUDGMENT REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.

NOTE BY REPORTER·—At the same term, in two suits, one between John Alford, plaintiff, and the same defendants, the other between Julius Frental, plaintiff, and same defendants, the same principles were adjudicated, upon a similar state of facts. The Reporter does not deem it necessary to publish these opinions in full, as the judgments in them were but in affirmation of the principles decided in the foregoing case of *Ross v. Jenkins.*