# WHEELING.

## LYNCH v. HOFFMAN.

### July 13, 1874.

1874.
June Term.

In a suit at law, in which an attachment was sued out and levied on property of the defendants, and judgment obtained therein against the defendants, on publication, one of the defendants appeared in the court in which the judgment was rendered, within five years from the rendition of the judgment, and tendered to the court his petition, praying for a re-hearing of the proceedings in the action, without accompanying the petition with the affidavit prescribed and required in such case by the act of the Legislature passed the 11th of February, 1865, entitled "An act to amend and re-enact sections twenty-three, twenty-seven and twenty-eight of chapter one hundred and fifty-one and section thirteen of chapter one hundred and seventy of the Code of Virginia;" which affidavit, so prescribed, is commonly known and called "The Suitor's Test Oath." The court rejected the said petition and refused to allow it to be filed :—HELD.

1. That it was error in the circuit court to reject and refuse said petition on the ground that it was not accompanied by such affidavit or test oath.

2. So much of the said act of the Legislature as prescribes such affidavit or test oath, is contrary to the Constitution of the United States, and to the Constitution of the State of West Virginia, and therefore null and void, from the passage thereof.

3. The petition for a re-hearing, tendered to the circuit court in this case, is sufficient in substance and form, and should be received by the court below, and ordered to be filed; and the court further to proceed in the same, as justice requires and the law directs.

Appeal, by Peter B. Righter, from a judgment of the circuit court of Harrison county, rendered on March 25, 1864, and from an order of the same court made on June 4, 1868.

The plaintiffs below were James Lynch, Josiah W.

70

1874.
June Term.

Lynch
v.
Hoffman.

Lynch, John P. Lynch, Peter J. Lynch and Washington G. Reynolds, partners trading under the firm name of J. & J. W. Lynch & Reynolds, and the defendants, Peter B. Righter, John S. Hoffman, Joseph Snider and John T. Peerce.

The other facts sufficiently appear in the opinion of the Court.

The Hon. Thomas W. Harrison, then judge of said circuit court, presided at the trial below.

*Caleb Boggess*, for the appellant.

There was no appearance for the appellees.

HAYMOND, PRESIDENT:

This is an action of trespass in the case brought in the circuit court of Harrison county, by the plaintiffs against the defendant Righter and others, on the 31st day of December, 1863. Attachments were sued out in the action by the plaintiffs against the property of the defendants, one of which attachments was directed to the sheriff of Marion county, and was by his deputy, as appears from the record, levied on a tract of land of said Righter, lying and being on Koon's Run, in Marion county, containing two hundred and thirty-five acres, on the 22d day of January, 1864. The cause was proceeded in, to verdict and judgment against the defendants therein, to-wit: John S. Hoffman, said Peter B. Righter and Joseph Snider. The verdict and judgment in the cause were rendered on the 25th day of March, 1864, for the sum of $3,450 damages. No order of sale was ever made touching any of the property on which either of the attachments were levied.

Afterwards, at a term of the circuit court held for said county of Harrison, on the 19th day of March, 1868, the said Righter tendered his petition to the court, praying for a re-hearing of the said cause. No service of any process in the cause was ever made, or had, against either of the defendants except by publication.

Whether the publication was properly made or not, we do not now determine, as it is not necessary or proper at this time.

The petition of said Righter is set out at large in the record, and it appears to be sufficient in form and substance. Appended to said petition, are two affidavits of said Righter, made by him before James P. Bartlett, a justice of Clark township, in said county of Harrison, on the 18th day of March, 1868. By one of the affidavits, said Righter made oath that the said petition "*is true*," and that "he will support the Constitution of the United States, and the Constitution of West Virginia, and that he takes such obligation freely, and of choice, without any mental reservation or purpose of evasion." And by the other affidavait, filed by Righter with his petition, he made oath that he could not take and file with his petition the affidavit described and mentioned in the twenty-seventh section of chapter one hundred and fifty-one of the code of Virginia, as amended by the twenty-ninth chapter of the acts of the Legislature of West Virginia, passed the 11th day February, 1865, without thereby swearing falsely. The petition, so verified by the affidavit of said Righter, distinctly states that at the commencement of the rebellion, existing on the 11th day of February, 1865, he resided in the county of Marion, in the State of Virginia, now West Virginia, and that he resided there at the time of the rendition of said judgment, and that he claimed to be a citizen of West Virginia.

At a term of the circuit court of said county of Harrison, held on the 4th day of June, 1868, the court having consider the petition of said Righter, presented to the court at its last previous term, to re-hear the proceedings in said action of trespass on the case, in which there was a judgment, as aforesaid, in favor of the plaintiffs, against him and others, as aforesaid, and the affidavit by which the petition was verified and accompanied, as well as the motion of said Righter to file the same,

the court refused to allow the said petition to be filed, or to award a summons against the plaintiffs, commanding them to show cause, if any they could, why the said Righter should not be permitted to make defence against the said judgment, and rejected the said petition, because the same was not accompanied by the affidavit by which "an act to amend and re-enact sections twenty-three, twenty-seven and twenty-eight of chapter one hundred and fifty-one, and section thirteen of chapter one hundred and seventy of the code of Virginia," passed February 11th, 1865, it is directed that such petition shall be accompanied; that the party never did certain acts therein mentioned. To this opinion and judgment of the court, said Righter excepted, and his exceptions are signed sealed and made a part of the record in due form.

The said Righter, in August, 1869, filed his undertaking, with security, and appealed from the judgment and orders of the circuit court of Harrison county, made in the cause at the March term, 1864, and in 1868 overruling his motion to file said petition.

The appeal in this case, as far as it relates to the said judgment rendered on the 25th of March, 1864, is improperly taken, because the defendants were proceeded against and the judgment had on publication, and, generally, the proper remedy of the defendants, or either of them, under the law, was to file, or offer to file, his, or their, petition in the circuit court, within the period prescribed by law, in such cases.

But the appeal in so far as it relates to the judgment and order of the court in rejecting said petition for a re-hearing and refusing to allow the said Righter to file the same in said case, &c., is well taken and must be entertained and determined by this Court.

The affidavits verifying and accompanying the petition contain, substantially, all that is required in such cases, by the provision, of the act to amend and re-enact sections twenty-three, twenty-seven and twenty-eight of

1874.
June Term.

Lynch
v.
Hoffman.

chapter one hundred and fifty-one and section thirteen of chapter one hundred and seventy of the Code of Virginia, passed by the Legislature of West Virginia on the 11th day of February, 1865, except so much thereof as requires the petitioner to take or make the oath therein prescribed which is commonly known and called "The Suitor's Test Oath ;" and it is evident from the concluding sentence of the the order of court rejecting the petition of Righter, aforesaid, that the court did, in fact, reject the petition, because it was not accompanied by such test oath.

This appeal has been pending in this court since 1869.

We are of opinion that so much of said act of the Legislatnre of West Virginia as prescribed and required the petitioner for a rehearing to take, or make, so much of the oath as is prescribed in said act and is commonly known and called the Suitor's Test Oath was, at the time of the passage thereof, and always afterwards, contrariant to the provisions of the Constitution of the United States and of this State ; and this court has heretofore so held and determined in the case of *Kyle v. Jenkins*, 6 W. Va. 371, and *Ross v. Jenkins, infra.* See also *Cummins v. State of Missouri*, 4 Wall. (Sup. Ct. U. S.) 320 ; *Exparte Garland*, Id. 333.

For these reasons the appeal taken in this cause so far as it relates to the judgment of the said circuit court of the 25th day of March, 1864, must be dismissed, but without prejudice ; and the judgment and order of the said court made on the 4th day of June, 1868, rejecting the said petition of said Righter for a rehearing of the said cause, &c., must be reversed and the appellant recover against the appellees J. & J. W. Lynch & Reynolds, his costs here expended.

And this court proceeding to give such judgment as said circuit court should have given, this case must be remanded to the said circuit court of Harrison county, for further proceedings, with directions to allow and permit the said petition of said Peter B. Righter for a rehearing

1874.
June Term.

Lynch
v.
Hoffman.

of the case, &c., to be filed and to cause proper process to be issued therein to the plaintiffs in said action and such other and further proceedings to be had upon said petition and in said cause, as is prescribed by law, in such cases, and ultimately to grant the rehearing prayed for in said petition, unless legal and sufficient reason, other than any now appearing by the record, be shown, why the prayer of the said petition should not be granted, and further to proceed therein as may be just and lawful.

Paull and Moore, Judges, concurred.

Hoffman, Judge, did not sit, being a party defendant, on the record.

APPEAL DISMISSED AS TO JUDGMENT, of March 25, 1864.

JUDGMENT REVERSED AND CAUSE REMANDED AS TO ORDER OF JUNE 4, 1868.