# WHEELING.

## LYNCH *v.* HOFFMAN.

### July 13, 1874.

1874.
June Term.

In a suit in equity to enforce an alleged judgment and attachment lien, alleged to have been acquired in a proceeding at law against lands of the defendants to the alleged judgment and attachments, the defendants H, R. and S., to the bill and the said judgment and attachment, are proceeded against as non-residents of the State, and by publication. The alleged judgment is, by the court. by its decree, declared to be a lien upon the lands of R. and S., and the lands of R. and S., are, by the court, decreed to be sold to pay such judgment; and commissioners appointed by the court, for the purpose, sell two tracts of land of R., to the plaintiffs, and make report of the sales to court, and the court confirmed the sales and directed deeds to be made to the purchasers for the lands; and also decreed the disposition of a large part of the purchase money, for the benefit of the plaintiffs. R., whose lands had been so sold, appeared in the court in which the decrees were rendered, within five years from the rendition of each of the decrees, and tendered to the court his petition for a rehearing.of the proceedings in the cause without accompanying the petition with the affidavit prescribed in such case by the act of the Legislature, passed the 11th day of February, 1865, entitled "An act to amend and re-enact sections twenty-three, twenty-seven and twenty-eight of chapter one hundred and fifty-one and section thirteen of chapter one hundred and seventy of the Code of Virginia," which affidavit, so prescribed, is commonly known and called "The Suitor's Test Oath." The court rejected said petition, and refused to allow it to be filed.— HELD:

1. That it was error in the circuit court to reject and refuse said petition on the ground that it was not accompanied by such affidavit or test oath.

2. So much of the said act of the Legislature as prescribes such affidavit or test oath is contrariant to the Constitution of the United States, and the Constitution of the State of West Virginia and therefore invalid, null and void from the passage thereof.

3. The petition for a rehearing tendered to the circuit court in this case is sufficient in substance and form, and should be received by the circuit court and ordered to be filed, and the court further to proceed upon the same, and in the cause, according to law and the practice and rules of courts of equity in such cases.

1874.
June Term.

Lynch
v.
Hoffman.

Appeal, by Peter B. Righter, from certain decrees or orders of the circuit court of Harrison county, entered on the 10th day of December, 1864, the 17th day of March, 1865, and the 4th day of June, 1868, in a suit in chancery therein pending, wherein James Lynch, Josiah W. Lynch, John P. Lynch, Peter J. Lynch and Washington G. Reynolds, partners in trade under the firm name of J. & J. W. Lynch & Reynolds, were complainants and John S. Hoffman, said Peter B. Righter, Joseph Snider, Elmore H. Snyder, Isaac N. Cox and Sarepta Cox, his wife, Festus P. Snyder and Altha Snyder, were respondents.

The other facts appear in the opinion of the Court.

The Hon. Thomas W. Harrison, then judge of said circuit court, presided at the hearing below.

*Caleb Boggess*, for the appellant.

There was no appearance for the appellees.

HAYMOND, PRESIDENT:

In this case the plaintiffs filed their bill the circuit court of Harrison county against John S. Hoffman, Peter B. Righter and others for the enforcement of certain alleged judgment and attachment lien therein mentioned, against lands of John S. Hoffman, Peter B. Righter and Joseph Snider. The suit was commenced on the 31st day of August, 1864, and the bill was filed on the first Monday in September, 1864. Hoffman, Righter, Snider and others were made defendants to the bill; and Hoffman, Righter and Snider were proceeded against in the cause, throughout as non-residents of the State of West Virginia, and by publication and not otherwise. At a circuit court held in said county of Harri-

son on the 10th day of December, 1864, the cause was heard on the bill and exhibits, and proofs offered.

The court recites in its decree, made at that date, "and it appearing that the order of publication taken at rules in this cause against defendants John S. Hoffman, Peter B. Righter and Joseph Snider, has been regularly executed against them;" thereupon proceeded to declare the judgment, in the bill alleged, to be a lien on the tract of one hundred and twenty-five acres of land belonging to said Righter, situate in the county of Harrison on Koon's Run, and described in the bill, and adjudged, ordered and decreed that unless the debt was paid, together with the costs of suit, within twenty days from the adjournment of the court that Burton Despard and Edwin Maxwell, or either of them, who were appointed commissioners for the purpose, proceed to sell the said one hundred and twenty-five acres of land belonging to said Righter, at public auction, &c., and report their proceedings to the court; and as to all other matters, the cause was continued.

Afterwards at a circuit court held in and for the said county of Harrison, on the 17th of March, 1865, the commissioners Despard and Maxwell, made report of sale of the one hundred and twenty-five acres of land to the plaintiffs, and the court confirmed the sale and by its decree made disposition of the purchase money, as therein specified. And the court, also, then further heard the cause and adjudged, ordered and decreed that the said alleged judgment at law is a lien upon the tracts of one hundred and ninety-six acres and fifty acres of land, situate on Koon's run in Harrison county, belonging to said Righter, and that the alleged judgment is a lien on the undivided interest of the said Joseph Snider in a tract of two hundred and twenty-seven acres of land on the West Fork river, in Harrison county, which descended to him from his father, David B. Snider, such interest being the one undivided fifth part thereof; and adjudged, ordered and decreed that unless the remainder

of said judgment should be paid in twenty days from the date of the decree that said Despard and Maxwell, or either of them, who were appointed commissioners for the purpose, proceed to sell the last named tracts of land at public auction, &c., and report their proceedings to the court; and as to all other matters the cause was continued.

Afterwards, at a circuit court of said Harrison county, held on 5th of June, 1865, commissioners Despard and Maxwell made report to the court that they had sold the undivided interest of said Joseph Snider, in the two hundred and twenty-seven acre tract of land directed to be sold; and the tract of one hundred and ninety-six acres of land, the property of said Righter, also directed to be sold, and that at the sale the plaintiffs became the purchasers; of the said one hundred and ninety-six acres and James Lynch of the said undivided interest; and the court confirmed the sale and directed deeds to be made on the payment of the purchase money, &c.

Afterwards on the 19th day of March, 1868, the said Peter B. Righter, appeared before the said circuit court of Harrison county and tendered his petition to the court praying for a rehearing of the proceedings in said cause, and moved the court for permission to file the same with his affidavits in relation thereto; and thereupon the plaintiffs appeared in court, to said petition, by their counsel, and objected thereto, and the court ordered the said motion of Righter to be docketed and continued until the next day.

And afterwards at a circuit court held for said Harrison county, on the 4th day of June, 1868, the court, in its decree or order then made in the cause, recites the fact that Righter, at the last term of the court, tendered his petition for a rehearing of the proceedings in the said cause, verified and accompanied by certain affidavits, and sets out, at large, the petition and affidavits, as part

of the decree and order; and also recites that Righter had moved the court to file the same; and on consideration thereof, the court being of opinion, that without the affidavit of said Righter, as prescribed by the said twenty-seventh section of the one hundred and fifty-first chapter of the code of Virginia, as amended by the twenty-ninth chapter of the acts of the Legislature of West Virginia, passed the 11th day of February, 1865, (which he did not take) the said petition can not be filed and the court refused to allow the said petition and affidavits to be filed, or to award a summons to show cause why said cause should not be reheard, but rejected the said petition and affidavits.

From this last named order of the said circuit court the said Righter appealed to this Court, in February, 1871, which appeal has been pending till now; and it is for this Court to determine if the circuit court erred in its said order.

In his petition Righter states, among other things, that at the commencement of the rebellion, existing on the 11th day of February, 1865, he resided in the county of Marion, in the state of Virginia, and that he resided there at the time of the rendition of the said judgment and decrees, and that he claims to be a citizen of the State of West Virginia. By one of the affidavits filed with the petition, Righter makes oath that the said petition is true, as he believes, and that he will support the Constitution of the United States and the Constitution of West Virginia, &c.; and by the other affidavit he made oath that he could not take and present to the said circuit court with his petition for a re-hearing of the said decree in said court in favor of the plaintiffs against him and others, defendants, the affidavit mentioned and described in the twenty-seventh section of chapter one hundred and fifty-one of the code of Virginia, as amended by the twenty-ninth chapter of the acts of the Legislature of West Virginia, passed the

11th day of February, 1865, without thereby swearing falsely. Both of the affidavits were made on the 18th of March, 1868. The petition in form and substance is sufficient. All the requisitions of the twenty-seventh section of chapter one hundred and fifty-one of the code of Virginia, as amended by the twenty-ninth chapter of the acts of the Legislature of West Virginia, passed the 11th day of February, 1865, seems to have been, substantially, complied with, by Righter, except taking and filing, with his petition, so much of the oath prescribed by said act of the Legislature of the 11th day of February, 1865, as is commonly known and called the "Suitor's Test Oath." So much of the last named act as prescribed the said test oath was, and is, contrariant to the Constitution of the United States, and to the Constitution of this State, and was, and is, from its passage, for that reason, invalid, null and void.—*Cummins v. State of Missouri*, 4 Wall, (Sup. Ct. U. S.,) 320; *Ex parte Garland, Id.* 333; *Kyle v. Jenkins*, 6 W. Va., 371; *Ross v. Jenkins, infra.*

It was unnecessary, therefore, to entitle Righter to file his petition for a re-hearing in the cause in the circuit court to make and file said test oath. For these reasons the decree and order of the circuit court of Harrison, made in this cause on the fourth day of June, 1868, rejecting the said petition of said Righter, for a re-hearing of the proceedings in said cause, must be reversed and the appellant recover his costs here expended against the appellees, J. & J. W. Lynch & Reynolds. And this Court proceeding to make such order and decree in the cause as the said circuit court ought to have made therein, the cause must be remanded to the said circuit court of Harrison county for further proceedings therein to be had, with directions to said circuit court to allow and permit the said petition of Peter B. Righter for a re-hearing to be filed in the cause, and to cause proper process to be issued thereon, and such other and further proceedings to be had upon said petition, and in said

cause, as is prescribed by law, and is in accordance with the rules of courts of equity in such cases; and ultimately to grant the re-hearing prayed for in said petition unless sufficient cause, other than any now appearing by the record, be shown, why the prayer of said petition should not be granted, and further to proceed therein, and in said cause, as may be in accordance with the law and the principles and rules governing courts of equity in such cases.

Paull and Moore, Judges concurred.

Hoffman, Judge, did not sit, being a party to the record.

DECREE REVERSED AND SUIT REMANDED.